**In re POMERENKE.**
No. 50817.

United States District Court,
E. D. New York.
May 21, 1954.

Maurice Schulberg, Brooklyn, N. Y., for bankrupt.

E. Henry Shappiro, New York City, for creditor.

RAYFIEL, District Judge.

Both the bankrupt and the objecting creditor seek a review of the decision of Hon. Samuel C. Duberstein, Referee, dated January 8, 1954, and the order entered thereon, dated January 26, 1954, wherein he denied the bankrupt a discharge, but sustained only No. 1(a) of the Specifications of Objections.

The bankrupt contends that the Referee erred in sustaining specification No. 1(a) and denying him a discharge.

The objecting creditor contends that the Referee erred (a) in refusing to sustain *all* of the specifications of objection, (b) in finding in his decision that the bankrupt did not "have any ownership interest in the Headquarters Fishing Fleet, but receives for his services as a row boat tender $20.00 a week and board in his father's home", and (c) in not providing in the order for the payment of the actual disbursements incurred by the objecting creditor and for an allowance for her attorney.

I have read the record and examined the exhibits and I agree with the learned Referee's finding that the objecting creditor has sustained the specification charging that the bankrupt failed to keep and preserve records from which his business transactions might have been ascertained. The bankrupt submitted no books or records; he merely introduced in evidence some bank statements, cancelled vouchers, and some bills and statements of the American Way Bus Company, which he operated from March, 1948, to December, 1948. He failed to produce the records of Dick's Luncheonette, a business which he operated.

The Referee has found, and I agree with him in his finding, that the objecting creditor has not made out a prima facie case respecting the remaining specifications of objection. I do not consider the apparently gratuitous statement by the Referee to the effect that the bankrupt did not "have any ownership interest in the Headquarters Fishing Fleet etc.," harmful or prejudicial to the objecting creditor.

The objecting creditor's contention that the Referee erred in failing to allow her the disbursements incurred by her and her attorney an allowance is not well taken. Section 62 sub. d, of the Bankruptcy Act, 11 U.S.C.A. § 102 sub. d, and Rule 15 of the Rules of this Court provide for the manner in which attorneys may petition for allowance.

Accordingly, both petitions for review are dismissed.